# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILIP O'BRIANT, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-1048 |
| NESTLE DRYERS ICE CREAM, | * | |
| KELLI QUINN, Supervisor, | | |
| CAITLIN BERMAN, HR Generalist, | * | |
| LANIK McINTYRE, Human Resources Manager, | * | |
| BILL WOODS, Plant Manager, | * | |
| Defendants | | |

***

## MEMORANDUM

On April 11, 2018, Philip O'Briant, the self-represented plaintiff, filed suit against his former employer. In his Complaint, captioned as a claim for damages based on employment discrimination, O'Briant asserts wrongful discharge on May 23, 2014, based on racial discrimination. ECF No. 1. He provides a Notice of Right to Sue letter, dated June 26, 2015, advising him that he had 90 days to file a lawsuit against his employer in state or federal court. *Id.* at 7.

Under 28 U.S.C. § 1915(e)(2)(B)(ii) a case shall be dismissed "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The court is mindful that the pleadings of self-represented litigants are accorded liberal

construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Moreover, courts are charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). But, liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Even under the liberal standard of review for pro se pleadings, the Complaint cannot procced, because it is clearly time-barred. *See Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013) (concluding that plaintiff who "failed to file a civil suit during the 90–day period indicated in the right-to-sue letter issued in response to his … charge of discrimination" could not thereafter "make claims based on the allegations in that charge" (citing 42 U.S.C. § 2000e– 5(f)(1)); *Ford v. Master Sec. Co., LLC*, No. PWG-15-2220, 2016 WL 1752897, at *3 (D. Md. May 3, 2016). Once the charge is filed with the EEOC and the employee receives a right-to-sue letter regarding either a Title VII claim or an age discrimination claim, the employee has ninety days to bring his or her civil action against the employer. 42 U.S.C. § 2000e–5(f)(1); 26 U.S.C. § 626(e); *see also Angles v. Dollar Tree Stores, Inc.,* 494 F. App'x 326, 328 (4th Cir. 2012).

This time limit is not jurisdictional, however. The Fourth Circuit has repeatedly applied an equitable tolling analysis to the ninety-day filing requirement set out in 42 U.S.C. § 2000e–5(f)(1). *See Nguyen v. Inova Alexandria Hosp.,* 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) ("[W]e have engaged in a 'case-by-case examination to determine if an equitable tolling of the filing period is appropriate.'" (quoting *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir.1987))); *Dale v. Md. Dep't of Transp.,* ELH–13–191, 2015 WL 221628, at *12 (D. Md. Jan. 15, 2015). In calculating the date on which the period begins to run,

the Fourth Circuit has rejected a mechanical approach or a strict "actual receipt" rule, and instead has focused on the facts of each case to determine when receipt occurred. *See Strothers v. City of Laurel, Md.*, 118 F. Supp. 3d 852, 860–61 (D. Md. 2015).

The facts are not favorable to O'Briant, who has filed several employment discrimination actions in this Court in the recent past. In *O'Briant v. Atlas Container Corp.,* JFM-16-2616 (D. Md.), his amended complaint was dismissed, without prejudice, to give him time to complete administrative proceedings before the EEOC or the Maryland Human Relations Commission. *Id.,* ECF 4, Order of September 7, 2016. This led to *O'Briant v. Rhodes, et al.,* JFM-17-1050 (D. Md.), in which O'Briant sued EEOC employees based on dissatisfaction with the outcome of EEOC proceedings against Atlas. The case was dismissed for lack of jurisdiction on April 24, 2017. *Id.,* ECF 3. The federal filing deadline for EEOC actions in federal court was referenced in the Order. *Id.,* ECF 3 at 3. A third action, *O'Briant v. Rhodes,* Civil Action No. RDB-18-855 (D. Md.), also against EEOC employees, was likewise dismissed on March 30, 2018. The dismissal in that case also referenced the 90-day deadline for filing a federal complaint following an unsuccessful EEOC determination. *Id.,* ECF 3, n. 1.

O'Briant provides no explanation as to why he ignored the 90-day deadline for seeking federal review of his employment discrimination claim. Although equitable tolling may be considered in certain circumstances, the Court concludes that O'Briant, who filed employment discrimination cases in the past, was on notice of the filing deadline, and the deadline here expired more than two and a half years ago.

Therefore, plaintiff's suit is subject to dismissal. An Order follows.

Date: April 17, 2018                              /s/
                                                  Ellen L. Hollander
                                                  United States District Judge