IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILIP O'BRIANT,                         *

Plaintiff                                *

v                                        *       Civil Action No. ELH-18-1048

NESTLE DRYERS ICE CREAM,                 *
KELLI QUINN, Supervisor,
CAITLIN BERMAN, HR Generalist,           *
LANIK McINTYRE, Human Resources
  Manager,                               *
BILL WOODS, Plant Manager,
TERRENCE MURRAY,                         *
LISA NEASOM,
LINDA HASTIE,                            *
DAVE BARBOUR,
                                         *
Defendants
                                       ***

# MEMORANDUM

Plaintiff Philip O'Briant, a frequent litigator in this Court, filed a complaint for employment discrimination. ECF 1. I initially dismissed the claim, for the reasons stated in ECF 3. In response to Plaintiff O'Briant's Motion for Reconsideration (ECF 5), this Court acknowledged that O'Briant's Complaint sought damages based on racial discrimination and retaliation under 42 U.S.C. § 1981. ECF 6 at 1. Accordingly, the case was reopened and O'Briant was granted an opportunity to provide summons and various forms needed to obtain service of process on Defendant Nestle Dryers Ice Cream ("NDIC") and individual defendants Berman, McIntyre, Quinn, Woods, Murray, Neasom, Hastie and Barbour. ECF 6 at 2-3. O'Briant filed an Amended Complaint (ECF 8), and summons issued. ECF 9; ECF 10.

Plaintiff then moved for summary judgment. ECF 12. On the same date, July 3, 2018, counsel for NDIC wrote to address deficiencies in O'Briant's purported service of the summons

and Complaint on the defendants. Counsel identified the proper resident agent authorized to accept service of process on NDIC (ECF 13 at 1-2 and n.1), noted that none of the individual defendants resides at the NDIC address, and stated that some individuals no longer were employed by NDIC. ECF 13 at 2. Counsel graciously – and correctly – identified how Nestle and the individual defendants might be served. Despite these deficiencies, counsel indicated that NDIC was willing to deem the Summons and Complaint as served on it as of the date of the letter and thus answer or otherwise respond to the Complaint on behalf of the corporate defendant. *Id.*

Unfortunately, defense counsel did not formally appear. And, through the Court's inadvertence, the letter from counsel was overlooked when the Court dismissed the Amended Complaint and closed this case, without addressing the § 1981 claim. ECF 14.

O'Briant subsequently noted an appeal. On November 30, 2018, the Fourth Circuit dismissed the appeal as premature and remanded this case for further proceedings as to the § 1981 claim. ECF 18.

Accordingly, the Court now asks counsel to advise whether counsel remains receptive to responding to the Complaint on behalf of NDIC (and perhaps individual employee defendants, as well). Thereafter, the Court shall address whether service of process on the individual defendants is needed and, if so, what steps must be taken by O'Briant, the Clerk and the United States Marshal to achieve same.

An Order follows.

Date: December 4, 2018  /s/
Ellen L. Hollander
United States District Judge